Van Brunt, P. J.
The demurrer interposed to the complaint, states as grounds:
First. That causes of action have been improperly united, and
Second. That it does not appear on the face of the complaint that said causes of action are consistent with each other, nor does it appear that they affect all the parties to the action.
The allegations of the complaint, so far as necessary to state them, seem to be about as follows?
That Cornelius Poillon died intestate, possessed of certain real estate, leaving certain of the defendants named his •only heirs-at-law and owing debts to the plaintiff and certain of the defendants.
That the real estate descended to such defendants in certain proportions named.
That his personal estate was not sufficient to pay his debts, and that the plaintiff has been and will be unable, with due diligence, to collect said debts, or any part thereof, by proceedings in the surrogate’s court.
That subsequent to his death, the defendant, Mary A. Jordan, one of his heirs-at-law, brought an action to partition his real estate, which resulted in a sale thereof.
That some of the purchasers at said sale refused to take title to the property purchased, unless a part of the proceeds, sufficient to pay the creditors of said Cornelius Poillon was deposited in the United States Trust Company, to ’ be used for the payment of the debts of the said Poillon, and $20,000 of the proceeds of sale were deposited with defendant, the United States Trust Company, under the following agreement:
Jordan et al. v. Poillon and Others.
It is hereby stipulated and agreed by the parties in interest herein, that there shall remain on deposit in the United States Trust Company, , to the credit of this action the sum of $20,000, to be considered as real estate, for the purpose of providing for any deficiency in the assets in the hands of the administratrix of Cornelius Poillon, deceased, with which to pay any lawful claims of creditors of said Corne *242 lius Poillon, deceased, for which the real estate of said' Cornelius Poillon is or may be liable, or for the payment of which his real estate could be sold or applied, and the referee is hereby authorized and empowered to make such deposit accordingly.
Said amount shall not be withdrawn, except upon application to the court, and on notice to the purchasers and all parties in interest.
Dated March 8, 1882.
WELLESLEY W GAGE,
Plaintiff’s Attorney,
w. McDermott,
For Elenor S. Poillon and Isabella A. Miller.
MAN & PARSONS,
Attorneys for George W. Poillon and wife.
J. LEVERIDGE,
Attorney for George P. Leveridge and others.
Which was signed by the attorneys for all the parties.
That said sum still remains in the Trust Company.
That some of the defendants, naming them, claim to be creditors of Poillon, whose claims are admitted by the plaintiff.
That the United States Trust Company is made a party because it is the stakeholder.
That certain of the defendants, naming them, are the purchasers referred to and entitled to notice of any claim made against the money in the Trust Company, and for that reason are made parties.
That certain other of the defendants, naming them, being the heirs-at-law of said Poillon, and the executor of a deceased heir, claim the fund as owners.
Judgment is prayed that the plaintiff be paid out of the fund, and if his pro rata share be not sufficient to pay his debts, that he recover judgment. for the balance from the heirs-at-law in the proportions in which they have inherited, and to the extent of such inheritance.
That there is but one cause of action set forth in the complaint seems to be apparent, and although all the defendants may not be affected alike, yet all have an interest and were entitled to notice.
The action is simply to enforce a right given to the creditors of Cornelius Poillon, of which the plaintiff is one by Ms heirs-at-law at the instance of purchasers at the partition sale, to be paid their debts out of certain moneys deposited for théir benefit with the defendant, the United States Trust Company, which right is dependent upon the establishment of a claim against the heirs of Poillon as such.
*243 The claim for a judgment for a deficiency against the heirs so far as they have received assets of the estate, is merely for the purpose of completing the remedy if the security provided should prove insufficient. It is simply ancillary to the principal cause of action, viz., the enforcement of rights against fund provided.
The judgment appealed from should be affirmed, with costs.
Brady and Daniels, JJ., concur.